**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PRESTON WATTS, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) EMERGENCY TWENTY FOUR, INC., ) d/b/a EMERgency24, an Illinois corporation,) ) Defendant. ) | Case No.: 1:20-cv-1820<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff, Preston Watts, individually and on behalf of all others similarly situated, through his undersigned counsel, alleges for his Class Action Complaint against Defendant, Emergency Twenty Four, Inc., d/b/a EMERgency24 ("EMERgency24"), based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his counsel as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The TCPA is designed to protect consumer privacy by prohibiting, among other things, autodialed calls to cellular telephones without the "prior express written consent" of the called party.

3. As alleged in further detail herein, Defendant made numerous automated calls to Plaintiff using equipment prohibited by the TCPA, even though did not have his prior express written consent to do so and even after Plaintiff repeatedly asked not to be contacted.

4. This case challenges Defendants' practice of initiating autodialed calls to cellular telephones without the prior express written consent of the called parties as required by the TCPA. 47 C.F.R. § 64.1200(a)(2), (f)(8)(i) or, alternatively, after they have withdrawn their consent to be called.

5. Plaintiff seeks classwide relief against Defendant for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227. A class action is the best means of obtaining redress for Defendants' illegal calls and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

6. Defendant's practice caused actual harm to Plaintiff and the other members of the Class in several ways, including temporarily using their cellular phones and tying up their lines, invading their privacy, causing wear and tear on their cellular phones, consuming battery life and causing some of them to be charged for calls they did not want to receive. Moreover, these calls injured Plaintiff and the Class because they were frustrating, obnoxious, annoying, and a nuisance and disturbed their solitude.

**PARTIES**

7. Plaintiff, Preston Watts, is a natural person residing and domiciled in Birmingham, Alabama. Plaintiff is a member of the Class defined herein.

8. Defendant Emergency Twenty Four, Inc. is a corporation organized under the laws of Illinois with its principal place of business in Des Plaines, Cook County, Illinois.

9. Defendant does business in Illinois and elsewhere as "EMERgency24."

**JURISDICTION AND VENUE**

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the laws of the United States.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) insofar as this is the judicial district in which Defendant is subject to the Court's personal jurisdiction with respect to this action and resides.

## BACKGROUND OF THE TCPA

12.     In 1991, Congress enacted the TCPA to regulate unwanted telephone calls made using an "autodialer." In so doing, Congress recognized that such calls "can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     When Congress enacted the TCPA in 1991, it found that some businesses were calling 18 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, 14021 ¶ 8 (2003) ("2003 Order"). By 2003, the number of nuisance calls increased to some 104 million Americans every day, assisted by the proliferation of new and more powerful autodialing technology. Id., 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

14.     The problems Congress identified when it enacted the TCPA in 1991 have only grown worse in recent years. The FCC has emphasized that action must be taken to "stop the scourge of illegal robocalls" because "U.S. consumers received approximately 2.4 billion robocalls per month in 2016." *See* https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

15.     The TCPA places restrictions on the use of telephone equipment, including the use of an "automatic telephone dialing system." See 47 U.S.C. §227(a)(1) ("ATDS"). Calls made using an ATDS require the prior express written consent of the person called. 47 U.S.C. §227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2).

16. This case arises from Defendant's practice of calling Plaintiff and others using an ATDS without their prior express written consent, after they have withdrawn their consent or both, on whose behalf this case is brought.

## FACTUAL BACKGROUND

17. Defendant provides burglar and fire alarm monitoring services to businesses throughout Illinois and the United States.

18. When a signal is received by Emergency24 from the alarm of one of its customers, Emergency24 uses an ATDS to call telephone numbers stored in its system so that they may call the appropriate persons or take whatever action is necessary to protect the property at issue.

19. Unfortunately for Plaintiff and the other members of the class, Emergency24 stores numbers in its ATDS of persons who have not given their express written consent to be called or who have since withdrawn their consent.

20. As a result, Emergency24 has called Plaintiff and others continually and at all hours of the day and night without their prior express written consent.

21. Even after Plaintiff and others have complained directly to Emergency24 and requested that they not be called, its ATDS continues to inundate them with so-called emergencies at businesses across the United States.

22. In the case of Plaintiff, for example, from approximately August 2015 to the present day, Emergency24 called his cell phone at all hours every time an alarm was tripped at a business for whom he once worked but had long before been terminated by. Plaintiff received such numerous calls in the middle of the night, including on October 22, 2019, at 12:20 a.m. CDT, and at other times.

23. Despite his repeated demands not to be contacted, Emergency24's ATDS continued to call Plaintiff's stored cellular telephone number for several years without his express written consent.

24. Plaintiff believes that his situation is not unique and that others like him receive calls because their numbers are stored in Emergency24's ATDS and even though they did not provide their express consent to be called or subsequently withdrew their consent through words or action.

## CLASS ALLEGATIONS

25. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this action against Defendants on behalf of himself and all other persons similarly situated throughout the United States.

26. Plaintiff proposes the following class definition:

> All persons in the United States to whom one or more calls were made using an automatic telephone dialing system by or on behalf of Emergency24 or its customers without such persons' prior express written consent.

27. Excluded from the class are Defendants, any entity in which any Defendant has a controlling interest, each of their respective officers or legal representatives, and any Judge assigned to this action, including his or her immediate family.

28. The proposed class members are identifiable through phone records and phone number databases.

29. Plaintiff is a member of the proposed class.

30. The automated technology that Emergency24 used to call Plaintiff's cellphone is capable of contacting thousands of people a day, and so the potential class members number in the hundreds or thousands, at least. Individual joinder of so many persons is impracticable.

31. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Emergency24 used an ATDS to call the cellular phones of Plaintiff and others;

    b. Whether Emergency24 used the aforesaid ATDS equipment place calls to cellular phones without the prior express written consent of the called parties;

    c. Whether Plaintiff and the other members of the class are entitled to statutory damages under the TCPA;

    d. Whether Defendants' actions were knowing or willful and, if so, whether the Court should treble the statutory damages awarded to Plaintiff and the other members of the class; and

    e. Whether Plaintiff and members of the class are entitled to equitable relief, including but not limited to injunctive relief.

32. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members and therefore are typical of the claims of class members. Plaintiff and the other class members all received telephone calls to their cellular telephone lines through the same or similar dialing system.

33. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Class he seeks to represent. Plaintiff is a victim of ATDS calls to his cellular phone without his prior express written consent, and he is committed to the vigorous prosecution of this action. Plaintiff has retained counsel competent and experienced in complex TCPA class action litigation. Plaintiff will vigorously prosecute this action. Plaintiff and his counsel will fairly and adequately protect the interest of members of the class.

34. Common questions of fact and law predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy. The only individual questions concern identification of Class members, which will be ascertainable from records maintained by Defendants or their agents.

35. The likelihood that individual class members will prosecute separate actions is remote because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable given the expense involved and the small recoveries available through individual actions.

## COUNT I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)**

36. Plaintiff incorporates all preceding paragraphs as though fully set forth herein, and brings Count I individually and on behalf of the Class.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. §227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the class using an ATDS and/or artificial or prerecorded voice.

38. As a result of Defendants' violations of the TCPA, 47 U.S.C. §227, Plaintiff and members of the class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS or artificial or prerecorded voice in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and members of the class are also entitled to, and do seek, injunctive relief prohibiting Defendants from violating the TCPA, 47 U.S.C. §227, by making calls, except

for emergency purposes, to cellular telephone numbers using an ATDS or artificial or prerecorded voice.

40. Defendant's violations were knowing or willful.

41. If the Court determines that Defendants' actions were knowing or willful, then Plaintiff requests that the Court increase the statutory damages up to three times the amount. 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff, for himself and all class members, requests the following relief:

    A.    Certification of the proposed class;

    B.    Appointment of Plaintiff as representative of the class;

    C.    Appointment of Plaintiff's counsel as counsel for the class;

    D.    An order awarding statutory damages of at least $500 per phone call at issue pursuant to 47 U.S.C. § 227(b)(3)(B);

    E.    An order increasing those statutory damages up to three times ($1,500 per call at issue) pursuant to 47 U.S.C. § 227(b)(3)(C);

    F.    An order enjoining Defendants from engaging in the same or similar unlawful practices alleged herein;

    G.    An order awarding costs of suit;

    H.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    I.    Orders granting any other relief this Honorable Court deems equitable, proper, and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 16, 2020 Respectfully submitted,

PRESTON WATTS

By:   s/ William M. Sweetnam

William M. Sweetnam
SWEETNAM LLC
53 West Jackson Boulevard, Suite 1440
Chicago, Illinois 60604
(312) 757-1888
wms@sweetnamllc.com

*Attorneys for Plaintiff and the Class*