IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRESTON WATTS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EMERGENCY TWENTY FOUR, INC., d/b/a EMERgency24, <br><br> Defendant. | Case No.: 1:20-cv-01820 <br><br> Judge Marvin E. Aspen <br><br> Magistrate Judge M. David Weisman |

**PLAINTIFF'S SURRESPONSE TO REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Preston Watts, through his undersigned counsel, hereby submits this surresponse to Emergency Twenty Four, Inc.'s Reply in Support of Its Motion to Dismiss [35].

**ARGUMENT**

This Court recently lifted its stay of this case following the Supreme Court's decision in *Facebook, Inc. v. Duguid*, ___U.S.___ , ___, 141 S. Ct. 1163, 1165 (2021) ("*Facebook*"), on which Defendant's reply principally relies. In its reply, Defendant argues *Facebook* forecloses Plaintiff's claims based on the Supreme Court's interpretation of an "Automatic Telephone Dialing System" ("autodialer") as that term is used in the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). The TCPA defines such autodialers as equipment with the capacity both "to store or produce telephone numbers to be called, using a random or sequential number generator," and to dial those numbers. 47 U. S. C. §227(a)(1).

In *Facebook*, the Court held "a necessary feature of an autodialer under §227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." 141 S. Ct. at 1173. Defendant argues "the Emergency 24 system lacks this

113886

'necessary feature,' [and] does not fall within the TCPA's definition." Reply at 2. Aside from being circular, this argument glosses over the fact that, in part because the case has been stayed, no discovery into the technological abilities of the system Defendant uses has occurred so that it would be impossible for the Court to conclude on this record whether or not this case falls within the prohibitions of the TCPA.

Indeed, another federal court facing this same dilemma recently reopened discovery and allowed supplemental briefing of the defendant's motion to dismiss based on the same unanswered question this case presents. *See Bell v. Portfolio Recovery Associates*, Civil Action No. 5:18-cv-00243-OLG, 2021 U.S. Dist. LEXIS 75096, at *2-3 (W.D. Tex. Apr. 13, 2021) ("The discovery period in this case is hereby reopened solely for the purposes of conducting limited additional discovery regarding the extent to which the Avaya Proactive Contact Technology uses a random or sequential number generator, and the parties may conduct additional discovery on that topic . . . ."). As in *Bell*, "any resolution of dispositive motions in this case will almost certainly involve some analysis regarding the capabilities of the device in question." *Id.* n.5. Thus, at the very least, the Court should allow discovery on this topic before issuing any decision on Defendant's motion to dismiss.

There is good reason to allow the discovery Plaintiff seeks, aside from enabling "the parties to have the opportunity to make their best arguments in any dispositive motions," *Bell*, 2021 U.S. Dist. LEXIS 75096, at *2. Defendant has informally provided Plaintiff with information indicating its autodialer may fall within the narrower definition provided for in *Facebook*, which the Court noted may include a system that picks numbers to call from a stored list. *See Facebook*, 141 S. Ct. 1172 n.7 ("[A]n autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at

a later time."). Again, the information Defendant has provided shows this may be the case here, and Plaintiff believes discovery will bear this out, in which case Plaintiff may also seek leave to amend. Either way, the Court will at least have the facts it needs to make this fact-specific determination and to decide the motion, assuming it can do so within the context of a Rule 12(b)(6) motion.

## CONCLUSION

For all of the foregoing reasons, and for any other reasons that may appear to the Court, Emergency24's motion to dismiss [15] should be denied. Alternatively, the Court should grant Plaintiff leave to conduct appropriate discovery, to amend his complaint or both.

Date: May 10, 2021                                      Respectfully submitted,

                                                               PRESTON WATTS

                    By:     s/ William M. Sweetnam

                                      William M. Sweetnam
                                      KEOGH LAW, LTD.
                                      55 West Monroe Street, Suite 3390
                                      Chicago, Illinois 60603
                                      (312) 726-1092
                                      wsweetnam@keoghlaw.com

                                      *Attorneys for Plaintiff and the Class*