IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRESTON WATTS, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) EMERGENCY TWENTY FOUR, INC., ) d/b/a EMERgency24, an Illinois ) corporation,), ) ) Defendant. ) ) | Case No.: 1:20-cv-1820 Honorable Marvin E. Aspen |

**EMERGENCY TWENTY FOUR, INC.'S SURREPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Emergency Twenty Four, Inc. d/b/a EMERgency24 (Emergency 24), by its attorneys, Jason E. Hunter and Bryan E. Curry of Litchfield Cavo, LLP, states as follows for its Surreply in Support of its Rule 12 Motion to Dismiss:

Plaintiff asserts that Emergency 24 "glosses over the fact … that no discovery into the technological abilities of the system Defendant uses has occurred so that it would be impossible for the Court to conclude on this record whether or not this case falls within the prohibitions of the TCPA." [Dkt. 28, p.2.] Not so. This Court need only look to the four corners of Plaintiff's Complaint to reach the inescapable conclusion that Emergency 24 does not use an ATDS. Its system is designed to accomplish the expressly alleged purpose of alerting designated individuals of an activated security alarm.

Plaintiff argues that a non-binding case from Texas should guide this Court into allowing discovery. In that case, *Bell v. Portfolio Recovery Associates*, the Plaintiff opted out of an MDL class action against a debt collector that used computerized dialing systems to contact debtors.

1

(See Exhibit A, Complaint from *Bell* case attached hereto.) That process deals with a large number of debtors and telephone numbers. The *Bell* plaintiff, in seeking to reopen discovery pointed to a somewhat complex process of determining which numbers from a substantial list should be consolidated into "packets" for purposes of generating phone calls. (See *Bell* case, Opposed Motion to Reopen Discovery, Exhibit B, pp. 4-5.)

Here, the Plaintiff has referenced in his surresponse – but not attached – a document outside of the Complaint to try to bolster the merits of the case and entice the Court to permit discovery to continue. [Dkt. # 36, Surresponse, p. 2, "Defendant has informally provided Plaintiff with information indicating its autodialer may fall within the narrower definition provided for in *Facebook*."]

As an initial point, the Court should simply strike the references to information informally exchanged during the course of settlement discussions and give them no consideration. However, if the Court is inclined to entertain those statements, Emergency 24 offers the following in further reply.

As this court is aware, the incorporation by reference doctrine permits defendants to attach documents to a Rule 12 motion. Indeed, "a court may consider 'documents attached to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to his claim.'" *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994)). This prevents a plaintiff from evading Rule 12(b)(6) dismissal by strategically omitting a document from the complaint that proves his claim has no merit. *Id.* (citing *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002)).

While it is not the normal course to consider documents outside the pleadings on a Rule 12 motion except where the Complaint references – but does not attach – documents central to the

claim (see, *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) (collecting cases), or with respect to taking judicial notice of matters of public record (see, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1080 (7th Cir. 1997) (collecting cases)), Emergency 24 asserts that it is appropriate in this case to consider the actual document that Plaintiff referenced without converting the Motion into one for summary judgment as the document is central to the survival of this case and Plaintiff has indeed referenced it in a pleading without attaching it. Alternatively, this Court ought not to consider the document at all, whether for or against either party, and simply rule on the motion based on the specific facts as pled.

Nonetheless, the assertion that the "information" that Emergency 24 provided Plaintiff during settlement discussions somehow demonstrates that the Emergency 24 system "may" fall within the applicable definition is simply wrong. In fact, the opposite is true. Emergency 24 submits the attached document, should the Court choose to consider it, which is a call log. (Exhibit C.)[1] As can be seen, the Plaintiff is only called after initial calls to a different person – "Ryan W" – reaches that person's voice mail. When Ryan W. answers his phone, no one calls Plaintiff. (See, *e.g.*, Ex. C, p. 17.) Where the initial calls to Ryan W. go unanswered, the Emergency 24 operator calls Plaintiff as the next designated person on the list. (See, *e.g.*, Ex. C p. 6.) Where calls to Ryan W. and Plaintiff both go unanswered in order, the next call goes to "Mike C." See, *e.g.*, Ex. C, p. 8. Within any series of alarm activations, Plaintiff is never called first, and Mike C. is never called before Plaintiff or before Ryan W. Ryan W. is never called after Mike C. Later, after a change in personnel, the calls are first placed to Trayvis B., and then to Cedrick M. should Trayvis B. not respond or hangs up. See, *e.g.*, Ex. C, p. 26. Clearly, there is no random selection at play. As a

---

[1] The last names of all persons other than Plaintiff, and the last four digits of all telephone numbers appearing in Exhibit C have been redacted. The Affidavit of Socorro Lopez Evans is attached as Exhibit D to lay foundation for Exhibit C.

matter of simple odds, the order of calls would be shuffled on at least one occasion if a randomized computer process were at play. They are not.

In conclusion, there is nothing within the Complaint to suggest the use of a prohibited ATDS and the case should be dismissed. Plaintiff's effort to refer to information outside the pleadings to leverage wasteful and fruitless discovery is based on an incorrect assertion of what the attached call log actually shows. No discovery or amendment will change the fact that Plaintiff has not sufficiently alleged that Emergency 24 used an ATDS, and Plaintiff will never be able to prove otherwise, even if allowed the chance at limited and focused discovery.

Date: June 3, 2021                                  Respectfully submitted,

                                                    LITCHFIELD CAVO LLP

                                            By:    */s/ Jason E. Hunter*
                                                    Jason E. Hunter, No. 6237345
                                                    Bryan E. Curry (*Of Counsel*), No. 6255803
                                                    303 W. Madison, Suite 300
                                                    Chicago, IL 60606
                                                    312-781-6587 (direct-Hunter)
                                                    312-781-6678 (direct-Curry)
                                                    312-781-6630 (fax)
                                                    hunter@litchfieldcavo.com
                                                    curry@litchfieldcavo.com

                                                    *Attorneys for Defendant, EMERGENCY TWENTY FOUR, INC., d/b/a EMERgency 24*